**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | |
| **v.** | ) | **Crim. ID No. 1508020940A/B** |
| | ) | **Cr. A. Nos. IN15-08-1576-1578** |
| **DEMONTE L. JOHNSON,** | ) | |
| **Defendant** | ) | |

Submitted: March 27, 2025
Decided: May 19, 2025

*Upon Defendant Demonte L. Johnson's*
*Motions for Correction of Sentence and Appointment of Counsel,*
**DENIED**.

## ORDER

This 19th day of May, 2025, upon consideration of the Defendant Demonte Johnson's Motion for Correction of an Illegal Sentence (D.I. 193/127) and accompanying request for appointment of Rule 35(a) counsel (D.I. 194/128), and the record in this matter, it appears to the Court that:

(1)    In August 2015, Demonte Johnson was indicted for first-degree murder, possession of a firearm during the commission of a felony ("PFDCF"), and possession of a firearm by a person prohibited ("PFBPP").[1] At Mr. Johnson's request, the PFBPP charge was severed from the others, and the case proceeded on two tracks:  Case A (first-degree murder and PFDCF),

---

[1]    D.I. 1 (Indictment).  Unless otherwise noted, docket entry references are to the Case A docket.

to be followed by Case B (PFBPP).[2] His first Case A trial ended in a mistrial.[3] Following a second trial in February 2018, a jury found Mr. Johnson guilty of first-degree murder and PFDCF in Case A and guilty of PFBPP in Case B.[4]

(2)     Mr. Johnson was sentenced as follows: (a) Murder in the First Degree—a natural life term of imprisonment; (b) PFDCF—10 years at Level V, the first 3 of which are a minimum statutory term;[5] and (c) PFBPP—15 years at Level V to be followed by 6 months at Level IV (imposed pursuant to 11 *Del. C.* § 4204(*l*)).[6]  As required by the law applicable at the time his crimes were committed, Mr. Johnson's three terms of unsuspended incarceration were ordered to be served consecutively.[7]

(3)     According to Mr. Johnson, his first-degree murder and PFDCF sentence are "illegal" and those "sentence(s) must be vacated and [he be]

---

[2]  D.I. 36.

[3]  D.I. 51.

[4]  D.I. 87 and 89 (Case A Verdict Form); D.I. 23 and 25 (Case B Verdict Form).

[5]  D.I. 109 (Sentencing Order).

[6]  Aug. 24, 2018 Sent. Tr. at 22-23 (pronouncing the Court's final corrected sentence for PFBPP).  As there clearly remains a scrivener's error in the written sentencing order, that order will be corrected simultaneously with the issuance of this order. *See Bland v. State*, 2006 WL 2960050, at \*1 (Del. Oct. 17, 2006) (recognizing that while Delaware has not adopted the federal rule applied in such circumstances, "Delaware statutory and case law authorize sentence correction for errors resulting from 'oversight or omission'").

[7]  Sent. Order, at 1; DEL. CODE ANN. tit. 11, § 3901(d) (2013) ("No sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant.").

resentenced to 15 years on Murder 1ˢᵗ Degree and 2 years on PFDCF."[8]

(4)     Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[9]  Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed:   exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance; or, is a sentence that the judgment of conviction did not authorize.[10]

(5)     Mr. Johnson demonstrates some fundamental misunderstandings of both law and fact in his Rule 35(a) motion.  *First*, he spends a great deal of time speaking of the Delaware Habitual Criminal Act and incanting the United States Supreme Court decision in *Erlinger v. United States*.[11]  But 11 *Del. C.* § 4214 wasn't applied to any of his three sentences.[12]  And *Erlinger* could not possibly be of any moment to either his first-degree murder or PFDCF sentences.  Delaware law mandates that, "[a]ny person who is convicted of first-degree murder for an offense that was committed after the person had reached the person's eighteenth birthday shall be punished by

---

[8]   Def. Rule 35(a) Mot., at 5 (D.I. 193).

[9]   Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[10]   *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[11]   *See generally* Def. Rule 35(a) Mot. (citing 11 *Del. C.* § 4214 and *Erlinger v. United States*, 602 U.S. 821 (2024) persistently throughout when arguing that his first-degree murder and PFDCF are illegal) .

[12]   Sent. Order, at 1-2; Feb. 16, 2018 Sentencing Tr. at 22-23 (D.I. 48).

imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction."[13]  Mr. Johnson's seeming suggestion that 11 *Del. C.* § 4205(b)(1) is somehow applicable to any adult convicted of first-degree murder in Delaware has been soundly rejected.[14] And anyone sentenced for baseline PFDCF must receive a minimum three-year of imprisonment and may receive up to 25 years.[15]  Thus, Mr. Johnson's first-degree murder and PDFCF sentences are each within the statutorily prescribed ranges; neither was enhanced in any way on either the minimum or maximum end.

(6)     Given his convolution of averments, it is hardly clear that Mr. Johnson is making a claim that his PFBPP is "illegal" as improperly enhanced.  To the extent he is, though, that issue has "no significant current impact":[16]  Mr. Johnson must serve the rest of his natural life in prison for the

---

[13]   DEL. CODE ANN. tit. 11, § 4209(a) (2013); *Id.* at 636(b) ("Murder in the first degree is a class A felony and shall be punished . . . as provided in § 4209 of this title for an offense that was committed after the person had reached the person's eighteenth birthday.").

[14]   *See Manley v. State*, 2018 WL 6434791, at *1 (Del. Dec. 6, 2018) (noting in yet another attempt to have 11 *Del. C.* § 4205(a)(1) applied in a first-degree murder resentencing:  "As we have now held many times . . . the proper sentence for a defendant convicted of first-degree murder is 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction.'" (quoting 11 *Del. C.* § 4209(a)).

[15]   DEL. CODE ANN. tit. 11, §§ 1447A(c) and 4205(b)(2) (2015) (PFDCF is a class B felony carrying a "minimum sentence of 3 years" and ceiling of "up to 25 years to be served at Level V.").

[16]   *Govan v. State*, 2003 WL 22227548, *1 n.3 (Del. Sept. 24 2003).

first-degree murder he committed and a consecutive ten-year term for the PFDCF. In turn, any argument about his PFBPP Level V term does not appear to present an "actual controversy" because he will never be made to serve it.[17] Unless Mr. Johnson can establish that the PFBPP sentence has some current impact on him, this Court need not expend judicial resources to answer a question that has no significant current impact.[18]

(7) In sum, Mr. Johnson has demonstrated no illegality in the substance of either his cumulative sentence or any component thereof. Accordingly, he is due no relief under this Court's Criminal Rule 35(a). That motion is **DENIED**. And as this examination reveals he is manifestly ineligible for Rule 35(a) relief, there's no need to appoint him counsel to pursue his futile effort to press these arguments and seek it.[19]

---

[17] *Id.*

[18] *Id.* ("Unless [that Rule 35(a) movant] can establish that the [complained-of sentence term] has some current impact on him, Delaware courts are not required to expend judicial resources to answer questions that have no significant current impact."); *Marvel v. State*, 2010 WL 3636193, at *1 (Del. Sept. 20, 2010) (whether "erroneous or not," a term in a sentence that has no "significant current impact" on a Rule 35(a) movant doesn't "present[] any 'actual controversy' ripe for consideration by this Court.").

[19] *See, e.g.*, *Clark v. State*, 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) (explaining that this Court does not err by denying appointment of counsel when it is clear on the record that an inmate is ineligible for sentencing relief); *State v. Rowan*, 2022 WL 896260, at *3 (Del. Super. Ct. Mar. 28, 2022) ([T]he Court need not appoint [movant] counsel to pursue a futile application for relief."); *State v. Chambers*, 2023 WL 8615791, at *3 (Del. Super. Ct. Dec. 13, 2023) ("[T]he Court need not enlist ODS to pursue an application for [sentencing] relief that is going nowhere.").

**SO ORDERED,**

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Mr. Demonte L. Johnson, *pro se*
    Eric H. Zubrow, Deputy Attorney General